IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| Herbert Glimcher, | : | |
| Plaintiff | : | Civil Action 2:04-cv-1136 |
| v. | : | Judge Frost |
| Jon B. Rosen, C.P.A. and Michael A. Petrecca, | : | Magistrate Judge Abel |
| | : | |
| Defendants | | |

# Order

Plaintiff Herbert Glimcher brings this action against Defendants Jon B. Rosen and Michael A. Petrecca alleging that they made false statements about him in a letter required to be filed with the Securities and Exchange Commission. This matter is before the Court on Plaintiff's December 21, 2004 Motion to Remand. (Doc. 7.)

Defendants removed this action from the Court of Common Pleas of Franklin County, Ohio on the grounds of diversity jurisdiction. Plaintiff contends that removal is improper because there is not complete diversity between all of the parties involved. Defendants argue that removal is proper since Defendant Petrecca, a resident of this District, was fraudulently joined. For the reasons that follow, Plaintiff's Motion to Remand is GRANTED.

## Overview

PricewaterhouseCoopers ("PwC") was Glimcher Realty Trust's ("GRT") accountant. GRT's Audit Committee reported a potential related party transaction to independent legal counsel. Sometime later PwC advised GRT that it would no longer serve as its outside auditor. As required by law, PwC sent GRT a letter dated June 11, 2004 stating that it was terminating

the relationship.  That letter had to be included in a public filing with the SEC.  Glimcher maintains that the last two sentences of the letter contained false statements:

> Independent counsel proposed a recommendation, which was affirmed by PwC to the audit committee, that future representations of management to PwC no longer include the Registrant's Chairman and CEO [plaintiff Herbert Glimcher].  This individual remains as Chairman and CEO and accordingly we are unable to accept his representations.

Defendants' January 20, 2005 Response in Opposition, Exh. B.  The letter was signed "PricewaterhouseCoopers LLP."  There is no indication who authored the letter.

Defendants maintain that defendant Michael Petrecca is the Managing Partner of PwC's Columbus office, but that he played no significant role in preparing the June 11, 2002 letter.  Defendant Jon Rosen, a resident of Illinois, was the principal auditor for PwC.

Plaintiff counters that Rosen attended the GRT Audit Committee meetings during which the Committee retained independent counsel to investigate the potential related party transaction.  After PwC told GRT that it was withdrawing as its outside auditor, GRT's Chief Operating Officer had telephone conversations with Jon Rosen and Michael Petrecca about the language to be included in the required 8-K statement to be filed with the SEC.  The COO told Defendants that the PwC's letter should state that PwC, not GRT's independent counsel, initiated the proposal that Herbert Glimcher not sign management representation letters.  Rosen and Petrecca refused to change the language in the last two sentences of PwC's June 11, 2002 letter.  William G. Cornely's January 31, 2005 Affidavit, ¶¶ 4 and 8-9.

**Facts**

On October 10, 2004, this action was filed in the Court of Common Pleas for Franklin County, Ohio.  The complaint alleges falsification by Defendants in violation of § 2921.13 of the Ohio Revised Code.  (Compl., ¶ 8.)  Based on the allegation, Plaintiff requested relief for the

personal injury suffered from Defendants' failure to retract the false statement. (*Id.* at ¶¶ 9–11.) On November 29, 2004, on the basis of the initial complaint and pursuant to 28 U.S.C. § 1446(b), Defendants timely removed the case to the United States District Court for the Southern District of Ohio, Eastern Division (Doc. 1). In its Notice of Removal, Defendants assert that plaintiff is an Ohio citizen, Defendant Rosen is an Illinois citizen, and Defendant Petrecca is also an Ohio citizen. (Notice of Removal, ¶¶ 2–4.) Thus, Defendants stated the removal was based on complete diversity of the parties since Defendant Petrecca, the non-diverse defendant, had been fraudulently joined.

Prior to June 1, 2004, PricewaterhouseCoopers was employed as the accounting firm for Glimcher Realty Trust, a real estate investment trust with its principal place of business in Columbus, Ohio. (Compl., ¶¶ 2–3.) On June 8, 2004, GRT filed a Form 8-K with the SEC, which disclosed the termination of the relationship between PwC and GRT. (Compl., ¶ 4; Def.'s Resp., p. 3.) On June 11, 2004, PwC delivered a letter to GRT responding to GRT's Form 8-K filing. (Compl., ¶ 5, Def.'s Resp., p. 3.) Plaintiff Glimcher, the C.E.O. and Chairman of the Board of Trustees of GRT, filed this suit against Defendant Rosen, PwC's lead accountant for GRT, and Defendant Petrecca, PwC's Managing Partner of the Columbus Office, for falsification based on the last two lines of the June 11, 2004 letter; an alleged violation of § 2921.13 of the Ohio Revised Code. (Compl., ¶¶ 1, 3, 7 and 8.)

Defendant Michael Petrecca's January 20, 2005 affidavit states, in relevant part:

> . . . I was not part of PwC's engagement team for GRT. I had *no* substantive role in the drafting of the Letter, nor did I sign it, nor did I send it to GRT. In short, it was *not* my Letter.

*Id.*, ¶ 5. (Emphasis in the original.) In contrast, William Cornely's January 31, 2005 affidavit asserts that Petrecca attended the two GRT Audit Committee Meetings during which the

decision to retain independent legal counsel was made. *Id.*, ¶ 4. He also participated in two telephone calls with Cornely during which PwC refused to change the language in its June 11, 2002 letter that Herbert Glimcher alleges contained false statements. *Id.*, ¶¶ 8 and 9.

## Discussion

Federal courts are courts of limited jurisdiction. According to 28 U.S.C. § 1441(a), a defendant may remove a civil action from state court only when the federal court would have original jurisdiction over the civil action. For this court to have original jurisdiction, diversity jurisdiction must exist. 28 U.S.C. § 1332. Diversity jurisdiction exists in a United States District Court if the amount in controversy is in excess of $75,000 "exclusive of interest or cost" and the parties are citizens of different states. 28 U.S.C. § 1332(a).

A defendant seeking to remove a case to federal court bears the burden of establishing jurisdiction. *Her Majesty The Queen in Right of the Providence of Ontario v. City of Detroit*, 874 F.2d 332, 339 (6th Cir. 1989). The notice of removal "is to be strictly construed, with all doubts resolved against removal." *Id*. Whether the United States courts have removal jurisdiction is determined at the time of removal. *Ahern v. Charter Twp. of Bloomfield*, 100 F.2d 451, 453 (6th Cir. 1996) (citation omitted); *Van Meter v. State Farm Fire and Cas. Co.*, 1 F.3d 445, 450 (6th Cir. 1993). A court must look to "whether the action was properly removed in the first place." *Ahern*, 100 F.2d at 453 (citation omitted).

"[F]raudulent joinder of non-diverse defendants will not defeat removal on diversity grounds." *Coyne v. Amer. Tobacco Co.*, 183 F.3d 488, 493 (6th Cir. 1999). In order to "prove fraudulent joinder, the removing party must present sufficient evidence that a plaintiff could not have established a cause of action against non-diverse defendants under state law." *Id*. Furthermore, when analyzing a claim of fraudulent joinder, the Court is not limited to the face of

the complaint, but may consider the entire record. *See Rose v. Giamatti*, 721 F. Supp. 906, 914 (S.D. Ohio 1989); *see also Eckhart v. DePuy Orthopaedics, Inc.*, 2004 U.S. Dist. LEXIS 25211, *9 (S.D. Ohio March 3, 2004) (allowing affidavits and deposition transcripts to be admitted by defendants in support of removal or plaintiffs in support of remand).  The Court must evaluate all of the factual allegations in the light most favorable to the plaintiff, resolving all contested issues of substantive fact in her favor. *See Alexander v. Elec. Data Sys. Corp.*, 13 F.3d 940, 949 (6th Cir. 1994).  Thus, "if there is a colorable basis for predicting that a plaintiff may recover against non-diverse defendants," then the Court must remand the action back to state court. *Coyne*, 183 F.3d at 493.

In order to satisfy 28 U.S.C. § 1332, it is not disputed that the amount in controversy exceeds $75,000 or that Rosen, an Illinois citizen, is a diverse defendant.  Plaintiff argues that there is not complete diversity of citizenship because both Plaintiff and Defendant Petrecca are Ohio citizens.  Thus, the issue is whether Plaintiff has a colorable claim against Defendant Petrecca for falsification.  Based on Plaintiff's Complaint, there is evidence that Plaintiff pleaded a colorable claim under state law against both Defendants.

Plaintiff argues that Defendant Petrecca was not fraudulently joined because the standard is whether a colorable claim has been presented. (Pl.'s Mot., p. 4.) Plaintiff further contends that pleading Defendant Petrecca made a false statement in a document to be filed with the S.E.C that he knew to be false and that harmed Plaintiff was sufficient to present a colorable claim. (Pl.'s Mot., p. 5; Compl. ¶¶ 6, 8, and 9.)  Also, Plaintiff argues that no inquiry on the merits of the facts is necessary to determine whether Defendant Petrecca was fraudulently joined. (Pl.'s Mot., p.6.)

On the other hand, Defendants argue that Plaintiff fails to plead a colorable claim against Defendant Petrecca and, therefore, he was fraudulently joined. (Def.'s Resp., pp. 7–8.)  The

complaint fails to plead Defendant Petrecca's specific involvement with the drafting of the statements or the letter. (Def.'s Resp., p. 4.) Defendants contend that Plaintiff "joined Defendant Petrecca for the sole purpose of defeating diversity jurisdiction." (*Id.*, p. 4.) Also, Defendants argue that this Court may consider Defendant Petrecca's affidavit in considering the Motion to Remand. (*Id.*, p. 5–6.)

Based on Ohio law, Plaintiff has pleaded all the elements required for alleging a falsification claim against Defendant Petrecca. *See* O.R.C. § 2921.13. Although this Court may properly consider Defendant Petrecca's affidavit in deciding whether or not removal is proper, the issue of his involvement with the letter is an issue of substantive fact and, therefore, must be evaluated in the light most favorable to Plaintiff. Under O.R.C. § 2921.13, "No person shall *knowingly* make a false statement". *See id.* (emphasis added). By pleading that Defendant Petrecca made a statement that he *knew* to be false, Plaintiff has presented a colorable claim against Defendant Petrecca.

The affidavits submitted by the parties do not demonstrate that under no set of circumstances could Plaintiff state a claim against Defendant Petrecca. Petrecca's affidavit states only that he was not part of PwC's engagement team for GRT and that he did not "draft" or "sign" the June 11, 2002 letter. His affidavit does not state that he had no involvement with PwC's performance of auditor services for GRT. Nor does it state that he was not consulted about the letter. It does not state that he was never asked his input while the letter was drafted. And it does not state that he was not asked to approve the letter. On the present record, the complaint alleges that Petrecca made false statements about Herbert Glimcher in the June 11, 2002 letter and the Court cannot say that plaintiff will be unable to prove that allegation. Thus, Defendant Petrecca was not fraudulently joined and complete diversity of the parties does not

exist.

For the reasons set out above, Plaintiff's December 21, 2004 Motion to Remand (Doc. 7) is GRANTED.  The Clerk of Court is DIRECTED to enter JUDGMENT remanding this case to the Court of Common Pleas for Franklin County, Ohio.


      /s/   Gregory L. Frost
Gregory L. Frost
United States District Judge